EDWIN C. DINWIDDIE, Plaintiff, *v.* ROCHESTER NEWS CORPORATION, Defendant.

Supreme Court, Monroe County, June 12, 1928.

**Libel and slander — justification — justification must be pleaded as such — irrelevant matter stricken from answer under Rules of Civil Practice, rule 103.**

In an action for libel, the defendant, if he wishes to plead justification, must plead it as such in order that the facts alleged may be considered as a plea in justification.

Certain allegations of the answer are stricken out, under rule 103 of the Rules of Civil Practice, on the ground that evidence thereof would not properly be admitted, and that if admitted, would tend to prejudice the jury.

MOTION by plaintiff under rule 103 of the Rules of Civil Practice to strike out part of answer in action for libel.

*O'Brien & Emerson,* for the plaintiff.

*Chamberlain, Page & Chamberlain,* for the defendant.

RODENBECK, J. The defendant's answer contains admissions and denials to each cause of action, a " further and separate answer and defense," a " separate and partial defense," and a " separate and partial defense and in mitigation " to each cause of action.

The defendant evidently intends that the " separate answer and defense," and the " separate and partial defense " to each cause of action, should serve the purpose of a defense by way of justification, but nowhere makes that statement or that the allegations in these defenses are true and that it expects to prove them on the trial. The practice requires the defendant to plead justification and this

is accomplished, only by so pleading, just as a counterclaim, to be available as such, must be so pleaded. Good pleading requires that the defendant indicate how it expects to use the matter set up in these defenses, just as the defendant has indicated that other matter will be presented in mitigation.

The complaint contains much matter that is irrelevant to the charge made against the defendant, but the answer must be read in the light of all the allegations made, all of which the defendant was required to meet. Notwithstanding the latitude in answering afforded by the general character of the matter pleaded in the complaint, the answer, nevertheless, contains much that is irrelevant, which should be stricken out, and which, if not stricken out, the plaintiff will be required, unnecessarily, to be prepared to meet on the trial.

This irrelevant matter relates to the allegations in paragraph " 7th," containing a history of the organization of the Anti-Saloon League, an organization which is not involved, directly, in this action, and evidence of the history of which would not be admitted on the trial, as direct evidence in justification, having no bearing upon the alleged charge made against the plaintiff of misappropriation and expulsion from the League; paragraphs " 8th," " 9th," " 10th " and " 11th " of the answer give a history of the appropriations made by the Congress for the Fifteenth International Congress on Alcoholism, when all that is necessary is an allegation of the existence of the Anti-Saloon League and its purposes and the fact of the appropriation and its purposes, and the setting aside of $10,000 for preliminary purposes. These appropriations are acts of the Congress for which it and not the plaintiff is responsible. Paragraphs " 12th " and " 14th " and Exhibits " A " and " B " relate to efforts to secure temporary appropriations. The Secretary of State and the Congress must take the responsibility of the appropriations and not this plaintiff, his responsibility being confined to the use of any funds placed under his control. Whether the Congress ought to have made the appropriations is not involved here and so no connection of the plaintiff therewith is material. The ineffectual effort of plaintiff to secure additional moneys cannot form the basis of any charge of misappropriation of moneys actually appropriated. Paragraph " 15th " contains hearsay communications between members of the Anti-Saloon League, relating to the alleged misuse of funds, which letters would not be admissible as evidence of their contents. These defenses in justification should be scaled down to the libel charged by plaintiff of misappropriation and expulsion from the League. The letters between individual members of the League are not evidence of their con-

tents. Justification is confined to the facts bearing upon the alleged libel which the defendant claims are true. This objectionable matter is incorporated in the rest of the affirmative defenses and they should be reformed accordingly.

The objectionable matter, indicated above, is stricken out and the defendant is given twenty days from the entry of an order in accordance herewith, to plead anew and reform its answer in compliance herewith.